IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RICMIC, LLC, | ) |
| | ) |
| Plaintiff, | ) _____ |
| v. | ) |
| | ) |
| HERITAGE MEDCALL, LLC | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff RICMIC, LLC ("RICMIC" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Heritage Medcall, LLC ("Heritage" or "Defendant") and states as follows:

### THE PARTIES

**1.** Plaintiff RICMIC, LLC is a limited liability company organized and existing under the laws of the State of Oregon, having its principal place of business in Oregon. RICMIC is the owner of the patents asserted herein and for all claims for damages and infringement of each of the patents asserted. Plaintiff incorporates by reference each Exhibit referenced herein.

**2.** On information and belief, Defendant Heritage Medcall, LLC is a limited liability company organized and existing under the laws of the State of Florida, having a place of business at 202 East Virginia Ave., Tampa, Florida 33603. On information and belief, its principal place of business is in Florida. Heritage has identified its

registered agent as Michael R. Carey, 712 South Oregon Avenue, Tampa, Florida 33606. Heritage can be served with process by serving its registered agent, Michael R. Carey, 712 South Oregon Avenue, Tampa, Florida 33606.

## JURISDICTION AND VENUE

**3.** This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This action seeks damages and other relief arising out of infringement by Defendant of U.S. Patent No. 9,305,450 B2 ("the '450 patent") and U.S. Patent No. 10,380,873 B1 ("the '873 patent") (collectively, the "Asserted Patents"), which disclose an "Interactive Wireless Life Safety Communications System."

**4.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, et seq.

**5.** This Court has personal jurisdiction over Defendant because it maintains a place of business within this judicial district, has a continuous, systematic, and substantial presence within this judicial district, and has committed acts of patent infringement in this judicial district and elsewhere, including but not limited to making, using, selling and/or offering to sell systems and/or components, and/or performing methods, that infringe the asserted patents directly and/or indirectly, which acts form a substantial part of the events giving rise to this action. Further, Defendant induces its customers' use of, and/or contributes to its customers' use of

the infringing products and systems at issue in this case and performance of one or more patented methods of the Asserted Patents in this judicial district.

6. Venue is proper within this judicial district under 28 U.S.C. §1400(b) because Defendant resides in this District, has committed acts of infringement in this judicial district and has a regular and established place of business within this judicial district.

## BACKGROUND

7. The "Interactive Wireless Life Safety Communications System" technology described in the Asserted Patents generally disclose a new, useful, and improved emergency call communication system among residents (via resident associated alerting devices), caregivers and administrators, typically deployed in an assisted living or memory care facility – and commonly referred to as "emergency call, nurse call" systems.

8. One embodiment of the invention comprises a network of resident life safety "alerting" devices (such as pendants, pull cords, smoke alarms and door sensors) connected to a central communications server over a first communications network, and caregiver devices (such as tablets or smart phones) having an interactive mobile app connected to the central server over a different, second communications network, whereby alarm signals originating at resident alerting devices in response to detection of alarm conditions are received by the central server, recorded and broadcasted by the central server as alarm notifications to specific caregiver devices with information about the alarm condition and variably about the resident.

9. The invention enables caregivers to respond to the alarm notifications via an "action status response" (e.g., selecting "Responding Now") and to communicate with other caregivers, residents and administrators via the central server, thereby providing feedback and alert response status updates to administrators and other caregivers, and also enables coordinated caregiver response to the emergency alert, resulting in enhanced resident safety, all of which are improvements over existing nurse call systems that lack the above-described interaction, information exchange and bi-directional communication described in Plaintiff's inventions.

10. The patented inventions provide substantial information delivery benefits, logging, recording, and reporting functionality, and overcomes other functional and technical limitations inherent in one-way pager, two-way radio and cellular phone "nurse call" alert systems used in assisted living facilities.

11. On April 5, 2016, the '450 patent, titled "Interactive Wireless Life Safety Communications System," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). The entire right, title, and interest in and to the '450 patent, including all rights to past damages, has been assigned to Plaintiff RICMIC LLC. A true and correct copy of the '450 patent is attached to this complaint as Exhibit A.

12. On August 13, 2019, the '873 patent, titled "Interactive Wireless Life Safety Communications System," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). The entire right, title, and interest in and to the '873 patent, including all rights to past damages, has been assigned to Plaintiff

RICMIC LLC. A true and correct copy of the '873 patent is attached to this complaint as Exhibit B.

13. RICMIC and its licensees have fully complied with the requirements of 35 U.S.C. §287(a) by affixing the word "patent" or the abbreviation "pat." together with the number of the patent on all apparatuses manufactured or sold by RICMIC and its licensees that practice the patented inventions disclosed by the Asserted Patents. On information and belief, the marking requirements of 35 U.S.C. §287(a) have also been satisfied through but not limited to Defendant's actual knowledge of one or more of the Asserted Patents.

14. Defendant, and/or its parent, divisions, subsidiaries, officers, directors, managers and/or agents are engaged in the business of importing, making, using, offering for sale and/or selling emergency call systems that employ an interactive mobile app alert notification supplied by Defendant which embody the patented inventions disclosed and claimed in the Asserted Patents as further described herein and the attachments to this complaint. Defendant provides training, planning and installation of the systems accused of infringement. See https://www.heritagemedcall.com/support. A preliminary identification of these systems include without limitation the systems (configured with the mobile apps) identified below, such as Freedom platform with the Freedom eCall mobile app, and Fusion platform with the Fusion eCall mobile app. Collectively these systems may be referred to as the "Accused Systems."

15. Defendant promotes its "Fusion and Freedom platforms [as] the most reliable life safety systems for senior living." See https://www.heritagemedcall.com/about.

16. Defendant promotes that the mobile apps (Fusion eCall and Freedom eCall) of the accused systems provide the Accused Systems with the capability to "Respond to alarms which notify other mobile users and desktop application that you will be attending to a call." See for example, https://play.google.com/store/apps/details?id=com.xamarin.HeritageMedCallHLTR&hl=en_US.

17. Defendant released the Freedom eCall mobile app in 2019.

18. Defendant released the Fusion eCall mobile app after the release of the Freedom eCall mobile app.

19. Defendant offers its customers, such as senior living facilities (and their employees) the aforementioned mobile apps (the Freedom eCall app and the Fusion eCall app) with functionality to operate as components of the Accused Systems.

20. Defendant's customers are instructed to go through a process to set up the aforementioned apps and login to the apps and/or Accused Systems to provide care to residents at customer facilities which establishes the manner of a customer's use of the app and Accused Systems. Defendant also provides its customers with additional instructions and information that encourages customers to use, and how to use, the Accused Systems. As a result of the nature of the communications between a customer's (including their employee's) devices with the afore-mentioned apps and

6

Defendant's systems, Defendant establishes the manner and timing of the use of the Accused System and methods of use of the Accused Systems.

21. Plaintiff will rely on a reasonable opportunity for discovery of information regarding reasonably similar systems that Defendant makes, uses, sells, offers for sale and/or imports in the U.S.

### COUNT I - PATENT INFRINGEMENT
### (Infringement of the '450 Patent)

22. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 21 as though fully set forth in this paragraph.

23. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

24. Plaintiff is the owner by assignment of the '450 patent with sole rights to enforce the '450 patent and sue infringers.

25. The '450 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. Defendant provides interactive wireless life safety communication systems, such as emergency call systems, to the senior living and healthcare markets and industries. Defendant makes, uses, sells, and/or offers to sell, and otherwise markets, designs, recommends, installs, maintains and/or services the Accused Systems.

27. The Accused Systems are comprised of each of the elements of Claim 1 and other claims in the '450 patent, literally or by equivalents including resident alert

transmitting devices on a first communications network connected to a central communications server, and a second wireless network different from the first communications network over which smart phone-like wireless caregiver devices are connected to a central server to effect and practice the systems and methods claimed in the '450 patent, including, for example, bi-directional communications, real time coordination of caregiver services, logging and reporting of alerts and alert notifications to designated caregivers and groups, transmitting caregiver action status and other responses to all or selected caregiver devices, transmittal of alert and resident identification and location to caregivers, progressive escalation of an alarm signal, reset of the alert transmitting devices, and text and/or voice communications as claimed in the '450 patent, all of which are significant improvements over and exceed the capabilities of nurse call systems based on one-way pagers, two-way radios and cellphones used in nurse call systems that do not practice RICMIC's invention as disclosed in the Asserted Patents.

28.   Among the improvements over prior art are that the '450 Patent: (1) solves the problem of knowing which caregiver, if any, is responding to an alarm signal; (2) prevents "alarm fatigue" among caregivers and ensures attention to the alarm condition, thereby enhancing resident safety; (3) provides substantially more information to caregivers about resident safety conditions; (4) improves interactivity between alert events and caregiver responses; (5) improves interactivity between administrators, managers, caregiver and service staff; (6) avoids technological limitations presented by prior art systems such as interference with life-critical

equipment, unreliable network coverage, limited audio fidelity, disruptive volume levels and unintentional disclosure of confidential information; and (7) avoids wasting personnel resources by multiple staff needlessly responding to alarm signals.

29. Exhibit C to this Complaint describes a non-limiting example of Defendant's and its customer's infringement of Claim 1 of the '450 patent, based on plaintiff RICMIC's current information and belief. RICMIC makes this preliminary and exemplary identification of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable local patent rules and procedures, and/or as is otherwise appropriate. RICMIC incorporates the factual assertions related to each limitation of claim 1 in Exhibit C as set forth herein, and pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant is to admit or deny each allegation set forth in Exhibit C.

30. Defendant's making, selling, offering for sale, and/or use of the Accused Systems, literally and/or through the doctrine of equivalents, infringes at least Claims 1, 11, and/or 14 of the '450 patent under 35 U.S.C. §271(a), and Defendant will continue to infringe unless enjoined by this Court.

31. Defendant through its agents, employees and/or servants, either alone or in conjunction with others, have infringed and continue to infringe literally and/or under the doctrine of equivalents at least Claims 1, 11 and/or 14 of the '450 patent by

making, selling, offering to sell, and/or using the Accused Systems covered by the '450 patent.

32. Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly (inducing infringement and/or contributing to infringement), at least Claims 1, 11 and/or 14 of the '450 patent by making, using, selling, and/or offering to sell and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused Systems that in use are covered by such claims of the '450 patent.

33. Defendant's customers use Defendant's Accused Systems and are instructed and/or encouraged by Defendant to use such Accused Systems that infringe at least Claims 1, 11 and/or 14 of the '450 patent.

34. Defendant provides and will continue to provide encouragement and/or instructions, such as a system, components and/or an app, installation, instructions (including information and instructions requiring login credentials and/or to submit contact information to Defendant's systems and/or website(s)) and/or services, that encourage and/or instruct their customers to use, and use in the future, the Accused Systems in an infringing manner, specifically intending such customers will operate the Accused Systems in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '450 patent.

35. Defendant indirectly infringes one or more claims of the '450 patent in violation of 35 U.S.C. 271(b) by inducing its customers to use the Accused Systems to

directly infringe one or more claims of the '450 patent in accordance with Defendant's encouragement and/or instructions.

36.   For example, Defendant induces direct infringement of the '450 patent by encouraging and instructing customers for the Accused Systems via Defendant's app, installation, instructions, training, planning and/or trouble shooting services, that encourage and/or instruct customers to use the Accused Systems such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '450 patent. Defendant engages in such inducement knowingly and, at least as early as 2016, has had knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '450 patent.

37.   Defendant indirectly infringes at least Claims 1, 11 and/or 14 of the '450 patent in violation of 35 U.S.C. 271(c) as a contributory infringer by selling, offering to sell, directly or indirectly, and/or importing into the United States one or more components of the Accused Systems with knowledge of the '450 patent since at least as early as 2016 and knowledge that the Accused Systems, including such components, as used is an infringement of the '450 patent claims, and knowing that such components of the Accused Systems are especially made or especially adapted for use in an infringement and are not a staple article of commodity of commerce suitable for substantial non-infringing use. For example, the mobile app of the Accused Systems is made and/or adapted for use to interactively receive alarm notifications and

transmit a response that is received by the central server and other caregivers in an infringing manner and has no substantial non-infringing use.

38.     Defendant has infringed the '450 patent without permission or license from Plaintiff and continues to infringe the '450 patent in violation of 35 U.S.C. § 271.

39.     Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

40.     Defendant's infringement and/or continued infringement of the '450 patent is willful, and Plaintiff is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

41.     This is an exceptional case such that Defendant should be required to pay Plaintiff's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

42.     Defendant's continuing infringement has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate legal remedy because without an injunction RICMIC is unable to exercise its fundamental right to exclude others from practicing the Asserted Patents. These infringing acts have caused and will continue to cause immediate and irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to an injunction to prevent further infringement pursuant to 35 U.S.C. § 283.

## COUNT II - PATENT INFRINGEMENT
### (Infringement of the '873 Patent)

43. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 21 as though fully set forth in this paragraph.

44. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

45. Plaintiff is the owner by assignment of the '873 patent with sole rights to enforce the '873 patent and sue infringers.

46. The '873 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

47. Defendant provides interactive wireless life safety communication systems, such as emergency call systems, to the senior living and healthcare markets and industries. Defendant makes, uses, sells, and/or offers to sell, and otherwise markets, designs, recommends, installs, maintains and services the Accused Systems.

48. The Accused Systems are comprised of each of the elements of Claim 1 and other claims in the '873 patent, literally or by equivalents, including resident alert transmitting devices on a first communications network connected to a central communications server, and a second wireless network different from the first communications network over which smart phone-like wireless caregiver devices are connected to the central server to effect and practice the systems and methods claimed in the '873 patent; including, for example, bi-directional communications, real time coordination of caregiver services including a caregiver selectable response to and

acceptance of responsibility for an active alert, logging and reporting of alerts and alert notifications to all designated caregivers and groups, transmitting caregiver action status and other responses to all or selected caregiver devices, transmittal of alert and resident information, escalation of an alarm signal, reset of the alert transmitting device, and text and/or voice communications as claimed in the '873 patent, all of which are significant improvements over and exceed the capabilities of nurse call systems based on one-way pagers, two-way radios and cellphones used in nurse call systems that do not practice RICMIC's invention as disclosed in the Asserted Patents.

49.     Among improvements over prior art are that the '873 Patent: (1) solves the problem of knowing which caregiver, if any, is responding to an alarm signal; (2) prevents "alarm fatigue" among caregivers and ensures attention to the alarm condition, thereby enhancing resident safety; (3) provides substantially more information to caregivers about resident safety conditions; (4) improves interactivity between alert events and caregiver responses; (5) improves interactivity between administrators, managers, caregiver and service staff; (6) avoids technological limitations presented by prior art systems such as interference with life-critical equipment, unreliable network coverage, limited audio fidelity, disruptive volume levels  and unintentional disclosure of confidential information; and (7) avoids wasting personnel resources by multiple staff needlessly responding to alarm signals.

50.     Exhibit D to this Complaint describes a non-limiting example of Defendant's  and its customer's infringement of Claim 1 of the 873 Patent, based on plaintiff RICMIC's current information and belief. RICMIC makes this preliminary

and exemplary identification of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable local patent rules and procedures, and/or as is otherwise appropriate. RICMIC incorporates the factual assertions related to each limitation of claim 1 in Exhibit D as set forth herein, and pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant is to admit or deny each allegation set forth in Exhibit D.

51. Defendant's making, sale, offering for sale, and/or use of the Accused Systems as alleged literally and/or through the doctrine of equivalents, infringes at least Claims 1, 14 and/or 15 of the '873 patent under 35 U.S.C. §271(a), and Defendant will continue to infringe unless enjoined by this Court.

52. Defendant through its agents, employees and/or servants, either alone or in conjunction with others, have infringed and continue to infringe literally and/or under the doctrine of equivalents one or more claims, including at least Claims 1, 14 and/or 15 of the '873 patent by making, selling, offering to sell, and/or using the Accused Systems covered by the '873 patent.

53. Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly (inducing infringement and/or contributing to infringement), at least Claims 1, 14 and/or 15 of the '873 patent by making, using, selling, and/or offering to sell and/or causing others to make and/or use in this judicial district and/or

elsewhere in the United States, the Accused Systems that in use are covered by such claims of the '873 patent.

54. Defendant's customers use Defendant's Accused Systems and are instructed and/or encouraged by Defendant to use such Accused Systems that infringe at least Claims 1, 14 and/or 15 of the '873 patent.

55. Defendant provides and will continue to provide encouragement and/or instructions, such as a system, components and/or an app, installation, instructions (including information and instructions requiring login credentials and/or to submit contact information to Defendant's systems and/or website(s)) and/or services, that encourage and/or instruct their customers to use, and use in the future, the Accused Systems in an infringing manner, specifically intending such customers will operate the Accused Systems in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '873 patent.

56. Defendant indirectly infringes one or more claims of the '873 patent in violation of 35 U.S.C. 271(b) by inducing its customers to use the Accused Systems to directly infringe one or more claims of the '873 patent in accordance with Defendant's encouragement and/or instructions.

57. For example, Defendant induces direct infringement of the '873 patent by encouraging and instructing customers for the Accused Systems via Defendant's app, installation, instructions, training, planning and/or trouble shooting services, that encourage and/or instruct customers to use the Accused Systems such that, by following Defendant's encouragement and/or instructions, Defendant's customers

directly infringe one or more claims of the '873 patent. Defendant engages in such inducement knowingly and, at least as early as the filing of this complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '873 patent.

58. Defendant indirectly infringes at least Claim 1, 14 and/or 15 of the '873 patent in violation of 35 U.S.C. 271(c) as a contributory infringer by selling, offering to sell, directly or indirectly, and/or importing into the United States one or more components of the Accused Systems with knowledge of the '873 patent, at least as early as the filing of this complaint, and knowledge that the Accused Systems, including such components, as used is an infringement of the '873 patent claims, and knowing that such components of the Accused Systems are especially made or especially adapted for use in an infringement and are not a staple article of commodity of commerce suitable for substantial non-infringing use. For example, the mobile app of the Accused Systems is made and/or adapted for use to interactively receive alarm notifications and transmit a response that is received by the central server and other caregivers in an infringing manner and has no substantial non-infringing use.

59. Defendant has infringed the '873 patent without permission or license from Plaintiff and continues to infringe the '873 patent in violation of 35 U.S.C. § 271.

60. Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

**61.** Defendant's infringement and/or continued infringement of the '873 patent is willful, and Plaintiff is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

**62.** This is an exceptional case such that Defendant should be required to pay Plaintiff's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

**63.** Defendant's continuing infringement has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate legal remedy because without an injunction RICMIC is unable to exercise its fundamental right to exclude others from practicing the Asserted Patents. These infringing acts have caused and will continue to cause immediate and irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to an injunction to prevent further infringement pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant, including but not limited to, the following relief:

1. An Order adjudging Defendant to have infringed the Asserted Patents under 35 U.S.C. § 271;

2. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from infringing each of the Asserted Patents in violation of 35 U.S.C. § 271;

3. An Order requiring Defendant to account for all gains, profits, and advantages derived by Defendant's infringement of the each of the Asserted Patents in violation of 35 U.S.C. § 271, and requiring Defendant to pay to Plaintiff all damages suffered by Plaintiff and at least a reasonable royalty;

4. An Order enhancing damages pursuant to 35 U.S.C. § 284;

5. An Order adjudging that this is an exceptional case;

6. An award to Plaintiff of the attorneys' fees and costs incurred by Plaintiff in connection with this action pursuant to 35 U.S.C. § 285;

7. An award of pre-judgment and post-judgment interest against Defendants; and

8. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

Dated: February 20, 2025    By:    /s/ Richard E. Fee

        Richard E. Fee
        Florida Bar No. 813680
        Kathleen M. Wade
        Florida Bar No. 127965
        FEE & JEFFRIES, P.A.
        1227 N. Franklin Street
        Tampa, Florida 33602
        (813) 229-8008
        (813) 229-0046 (Facsimile)
        rfee@feejeffries.com
        kwade@feejeffries.com
        bszabo@feejeffries.com
        valeshire@feejeffries.com

        and

        John T. Polasek
        Texas Bar. No. 16088590
        ted@polaseklaw.com
        The Polasek Law Firm, PLLC
        6750 West Loop South, Suite 920
        Bellaire, Texas 77401
        Telephone: (832) 485-3580
        (Pro Hac Vice to be filed)

        *Attorneys for Plaintiff, RICMIC, LLC*